[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14608
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-00862-ACC-KRS

MELVIN DUMEY,

                                                    Plaintiff-Appellant,

versus

KISSIMMEE UTILITY AUTHORITY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 6, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Melvin Dumey appeals pro se the summary judgment against his complaint

of discrimination and retaliation based on his race by Kissimmee Utility Authority.

42 U.S.C. § 1981.  The district court ruled that Dumey failed to establish a prima

facie case that the Utility terminated him because he was Hispanic or in retaliation for a threat he made a year earlier to sue for race-based discrimination. In the alternative, the district court ruled that Dumey failed to prove that the legitimate, race-neutral reason proffered for his termination was a pretext for discrimination or retaliation. We affirm.

The district court did not err by entering summary judgment in favor of the Utility. Even if we assume that Dumey established a prima facie case of race-based discrimination and retaliation, he failed to present evidence that his termination for violating company policies was pretextual. Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010). The Utility submitted a written notice of termination and an affidavit from the president of the Utility, James Welch, establishing, without dispute, that Dumey was fired for violating three company policies by reconnecting utility service at his home without permission and in violation of Florida law and then reporting falsely to a service representative and company investigators that his service had been restored by a company technician. And Dumey failed to create a genuine factual dispute that this reason was not legitimate. Dumey argued about four white employees receiving lesser penalties for violating company policies, but Dumey failed to establish that those employees' actions were nearly identical to his wrongdoing. See Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).

2

Joe Watson and Paul Therriault violated company policies by stealing from a coworker and by driving a company vehicle with a suspended driver's license, but unlike Dumey, these employees admitted their wrongdoing when questioned by company officials.  See Maniccia v. Brown, 171 F.3d 1364, 1369 (11th Cir. 1999). John Chapin "provid[ed] inaccurate information . . . during an investigation," and Jackie Chapin committed "numerous disciplinary violations," but neither committed a criminal offense like Dumey.  See Burke-Fowler, 447 F.3d at 1325. Dumey otherwise failed to present any evidence of unlawful discrimination.  He testified that the Utility had a no-tolerance policy for discrimination and that his supervisors had never discriminated against him despite disciplining him for being disrespectful to a supervisor and warning him that he faced termination if he failed to complete tasks required to become a lineman.

    We **AFFIRM** the summary judgment in favor of the Utility.